

RECEIVED

FEB 26 2021

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

2021 FEB 26 P 12: 12

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

**mail correspondence to: care/of 6105 HOLYOAKE DRIVE TRUST, DION ROBINSON 435 MERCHANT WALK SQ 300510, CHARLOTTESVILLE, VA 22902**

IN THE UNITED STATES FEDERAL DISTRICT

COURT FOR THE EASTERN DISTRICT OF VIRGINIA

DION ROBINSON

6105 Holyoake Drive

Richmond, VA 23224 ]                    Request for Jury Trial

      Plaintiff     ]                    Reserve the Right To Amend

      Vs. ]

ABBY MOYNIHAN(BAR CARD #79686), Attorney ]                    Case# **3:21cv00122**

MCCABE, WEISBERG & CONWAY LLC ]

GLEN A. MESSINA DBA PRESIDENT AND CEO of

PHH MORTGAGE CORPORATION ]

      Defendant's ]

## 5.5 MILLION DOLLAR CIVIL LAWSUIT FOR NON-JUDICIAL WRONGFUL FORECLOSURE

[ "Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

(DION ROBINSON), proceeding *in propria persona*, files civil lawsuit for wrongful foreclosure on the property located at **6105 HOLYOAKE DRIVE, CHESTERFIELD VA 23224.**The plaintiff alleges the foreclosure is "Void" because the foreclosure was initiated by a party without standing. The defendant did not have legal authority to sign the notice of default letter on behalf of the trustee. The defendant violated Federal Laws and the provisions defined in 15 U.S.C. 1692(e)  false or misleading representation while collecting a debt. The defendant wrongfully foreclosed on the plaintiff's beneficiary of the trust property and violated the Truth in Lending Act, Regulation Z, 12 CFR §226.23, breached the contract, and slandered the title. Plaintiff also brings his claim forward for slander of credit and infliction of emotional distress of the beneficiary. The defendant in this case is a debt collector as advertised in the media and

2021 FEB 26  P 12: 12

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

noted at the bottom of the business emails. The defendant violated the FDCPA, including **misrepresentation, fraud, harassment, unfair means, and deception to collect a debt.**

The above-mentioned claims are a fatal flaw to the non- judicial foreclosure action and renders the foreclosure **void**, including orders in eviction court. The attached exhibits will verify the foreclosure was initiated by a party without standing.

### I. Lack of Standing:

1.1 The defendant who initiated the non-judicial foreclosure did not have standing to execute the power of sale clause in the deed of trust. The lack of authority to execute the power of sale clause and the other claims mentioned herein is the basis for this wrongful foreclosure lawsuit.

### II. Violation of The FDCPA:

2.1 The law firm, or the attorney to be named, did not meet the requirements mandated in the Fair Debt Collection Practices Act (FDCPA), necessary to be a legal debt collector.

2.2 The FDCPA mandates the attorney and the law firm must have a license to be a debt collector, a bond, and they must be registered with the Attorney General in the State in which they are collecting.

2.3 The debt collector in this case is in violation of the FDCPA, they do not meet the legal requirements to be considered a debt collector and therefore have no standing before the court.

2.4 The violation of the FDCPA, is a Federal question and therefore the Federal Court has jurisdiction to decide on the matter. Picking v. Pennsylvania R. Co. 151 Fed. 2nd 240; Pucket v. Cox 456 2nd 233. Pro se pleadings are to be considered without regard to technicality; pro se litigant's pleadings are not to be held to the same high standards of perfection as lawyers. Platsky v. C.I.A. 953 F.2d. 25.

2.5 Additionally, pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings. Reynoldson v. Schillinger 907F .2d 124, 126 (10th Cir. 1990); See also Jaxon v. Circle K. Corp. 773 F.2d 1138, 1140 (10th Cir. 1985) (1). Warnock v. Pecos County, Tex., 88 F3d 341 (5th Cir. 1996) Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law.

2021 FEB 26  P 12: 12

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

2.6 The Federal Law mandates any debt collection company attempting to collect debt within the State of Virginia, must be bonded and licensed to do so. Failure of the Corporation to maintain active surety bond, warrants grounds for immediate ceasing of collection activities and reporting to major credit bureaus.

2.7 A third party collection agency that violates any provision of the FDCPA, is liable to civil and criminal penalties which may include monetary compensation to the victim.

2.8 The debt collector company cannot at any point engage in abuse, threats, coercion, **misrepresentation, fraud, harassment, unfair means, and deception to collect debt.**

2.9 The debt collection company must provide proof that they have the authority to collect fees, interest or expenses above the original balance; such proof may be a signed document by the debtor.

### III. Violation of The Truth In Lending Act:

3.1 The defendants, ABBY MOYNIHAN (BAR CARD#79686) and Attorneys to be named, MCCABE, WEISBERG & CONWAY LLC, AND GLEN A. MESSINA DBA AS PHH MORTGAGE CORPORATION violated the Truth in Lending Act, Regulation Z, 12 CFR §226.23, which states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures. The original debt was actually zero because the Plaintiff's beneficiary financial asset was exchanged for FED's promissory notes in an even exchange.

3.2 The attorney does not have a license to practice law and therefore is not qualified to represent a fictitious corporation in court.

3.4 The Supreme Court ruled lawyers and attorneys are NOT licensed to practice law, the nature of lawyer- craft in America as per the United States Supreme Court; The practice of Law CAN NOT be licensed by any state/State. (Schware v. Board of Examiners, 353 U.S. 238, 239).

3.5 The defendant misrepresented himself to the court as a licensed attorney when he/she does not have a license to practice law. A certificate is not a license to practice Law as an occupation, nor do business as a law firm.



2021 FEB 26  P 12: 13

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

### IV. Jurisdiction:

4.1 The Constitution and 28 U.S.C. § 1332 vest federal courts with jurisdiction to hear cases that "arise under" federal law.

4.2 The Constitution vests federal courts with the authority to hear cases "arising under th[e] Constitution [or] the Laws of the United States." U.S. Const. art III, § 2. Congress vests federal district courts with subject-matter jurisdiction over cases involving questions of federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### V. The Two Jurisdictions for The Court to Operate Under:

5.1 Plaintiff's beneficiary is only aware of two jurisdictions the court can operate under as per the Constitution, and those jurisdictions are **Common Law**, and **Admiralty Jurisdiction**.

5.2 If the court chooses to proceed under Admiralty Jurisdiction, the plaintiff will need the court to inform the trustee, noble ali bey where the rules of procedures for admiralty jurisdiction can be found.

### VI. A Federal Question- Jurisdiction and Statement of a Claim:

6.1 The test for determining whether allegations are sufficient to confer federal question jurisdiction has two prongs.

6.2 First, pursuant to statute, the plaintiff must present a federal question-a claim arising under the Constitution, laws, or treaties of the United States. See: *18. 28 U.S.C. § 1331 (1982). This statutory requirement is grounded in the Constitution. See U.S. Const. art. III, § 2.* "1" Second, courts have added the requirement that the federal question must be "substantial." *See Hagans v. Lavine, 415 U.S. 528, 536-38 (1974); Bell v. Hood, 327 U.S. 678, 682-83 (1946); 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3564, at 66-77 (1984).*

6.3 The plaintiff pleaded factual content and evidence that is documented in the defendant's records that allows the court to draw the reasonable inference that the defendant is guilty of violating Federal Laws when he signed the default letter on behalf of the trustee without legal documentation to verify legal authority.

2021 FEB 26  P 12: 13

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

**6.4 The exhibit marked "A"** by certified notice to "CEASE AND DESIST" appears to be a company allegedly hired by either "MCCABE, WEISBERG AND CONWAY LLC OR PHH MORTGAGE CORPORATION called **"ALTISOURCE FULFILLMENT OPERATIONS, INC"** and allegedly posted harassing saying "THIS IS NOT A NOTICE OF EVICTION, RENTAL, OR SALE" BY VENDOR "MSII" for an attempted illegal eviction by a Non-Judicial Foreclosure and therefore the foreclosure is void and this was sent by REGISTERED MAIL BOND INSURED NUMBER "**RE164568300US**"

**6.5 The exhibit marked "B"** is a certified copy recorded in CHESTERFIELD CIRCUIT COURT CLERK'S OFFICE for the **CERTIFICATE OF SATISFACTION which was cleared with a lawful registered gold insured registered bond for $200,000.00 IAW HJR 192 and** which shows who the original lender was "**NEW CENTURY MORTGAGE CORPORATION**" and not "**PHH MORTGAGE CORPORATION**" AND IT was in the deed of trust on **10/10/2006** and the debt was no longer owed after it was sold off, assigned, or made a party to anyone other than the original lender which makes it void by UCC contract if the goods that he or she is selling is obtained by fraud, which in this case is how PHH MORTGAGE CORPORATION appears to be how they are marketing the property on http://mw.c-law.com/offices under VIRGINIA CURRENT SALES LIST if you click on the Blue button.

**6.6 The exhibit marked "C"** is a certified copy recorded ON 02/16/2021 in CHESTERFIELD CIRCUIT COURT CLERK'S OFFICE for a "NOTICE OF CEASE AND DESIST" and mailed to ABBY MOYNIHAN DBA ATTORNEY, for "MCCABE, WEISBERG, & CONWAY LLC". The first notice demanded a cease and desist and to stop the auction sale for 03/02/2021 and they never stopped the advertisement of auction sale since notifying them THE FIRST time by REGISTERED INSURED MAIL BOND NUMBER "**RE4568295US**". The date is now 02/26/2021 and the auction sale appears to still be planned and a lawful "cease and desist letter" was ignored and still scheduled to be auctioned off at 1727 King St. in Alexandria, VA 22314.

6.7 —The exhibit marked "D"—2nd Cease and Desist Letter Notice

**VII. Reservation of Rights Under UCC-1-308:**



2021 FEB 26   P 2: 13

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

7.1 I have reserved my rights under the UCC 1-308, formally 1-207, and demand the statutes used in this court be construed in harmony with Common Law.

7.2 The code is complementary to the common law, which remains in force, except where displaced by the code.

7.3 A statute should be construed in harmony with the common law, unless there is a clear legislative intent to abrogate the common law.

7.4 The code was written as not to abolish the common law entirely. I was not involved with an international maritime contract, so in good faith, I deny that such a contract exists, and demand the court proceed under Common Law Jurisdiction.

### VIII. Facts of The Dispute:

The foreclosure is void because it was initiated by a party without standing.

8.1 The attorney is in violation of the Federal Securities Act.

8.2 The attorney unlawfully signed the notice of default on behalf of the trustee which created a fatal flaw to the action:

8.3 The defendant in this case is in violation of the Truth in Lending Act z.

8.4 The defendant cannot verify agency.

8.5 The defendant misrepresented himself/herself to the court as a licensed attorney when he does not have a license to practice law.

8.6 The fact the defendants issued a notice of default letter to execute the power of sale clause in the deed of trust will verify the defendants contracted to provide a loan to the plaintiff, and the defendants owed a legal duty to the plaintiff.

8.7 The defendant's duty was breached because they never provided a loan to the plaintiff.

8.9 The alleged loan was an exchange of the plaintiff's signed promissory note for electronic credits from the Federal Reserve.

8.10 Promissory Notes and other commercial instruments are legal tender and financial assets to the originator and a liability to the lender. UCC §1-201(24), §3-104, §3-306, §3-105, UCC

2021 FEB 26  P 12: 13

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

§§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511, UCC §§9-102(9), (11), (12)(B), (49), (64), 12 USC 1813(l)(1).

8.11 The defendant's accounting records will show the corporation has an offsetting liability to the homeowner pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR), and the alleged loan was always an asset to the defendants.

8.12 These records include: a. **FR 2046 balance sheet**, b. **1099-OID report**, c. **S-3/A Registration Statement**, d. **424-B5 Prospectus** and, e. **RC-S & RC-B Call Schedules.**

8.13 The corporation never **registered** the commercial instrument because they knew it was a financial asset to the debtor, and that there was a breach.

8.14 The breach of contract has damaged the plaintiff in the following manner, and plaintiff is demanding compensatory damages to reimburse the plaintiff for costs associated with the injury. All the monthly payments made on a fake loan plus interest for the number of year's payments were made and legal expenses. $500,000.00 with interests and county taxes.

8.15 Plaintiff also demands punitive damages as a remedy for the defendant's conduct that was intentional and excessively reckless. The wrongful foreclosure has caused negative effects on the plaintiff's credit report.

8.16 The plaintiff also has other claims for relief because he will prove there was or a conspiracy to deprive him of property without the administration of justice, in violation of plaintiff's due process of law under Title 42 U.S.C. 1983 (Constitutional injury), 1985 (Conspiracy) and 1986 ("Knowledge" and "Neglect to Prevent" a U.S. Constitutional Wrong).

8.17 Under Title 18 U.S.C.A. 241 (Conspiracy), violators "shall be fined not more than $10,000 or imprisoned not more than ten (10) years or both." **The foreclosing party lacked standing to foreclose** because they did not have legal authority to execute the power of sale clause in the deed of trust, and therefore the "Notice of Default and Election To Sell" document has a "Fatal Defect" which robbed the legal system of Jurisdiction and the Non – Judicial foreclosure is unlawful.

8.18 The legal Trustee is the person who has standing to execute the power of sale clause in the deed of trust. In this case there is no legal trustee because the promissory note and deed of trust



were **never registered into the trust**, because the promissory note was bundled and sold during the securitization process.

8.19 The deed of trust states the repayment of the debt is evidenced by the "NOTE," however the "Original" note was not filed in the record or included in the notice of "Notice of Default" letter.

8.20 Without that Note, the defendants cannot verify there was any debt.

8.21 It is well known in the legal community **a trust deed** is always used together with a **promissory note** that sets out the amount and terms of the alleged loan.

8.22 The deed of trust, and the promissory note must always be together, and without the note and the loan accounting entries, the attorney has failed to prove there was any debt, a second fatal flaw to the wrongful foreclosure.

8.23 The debt collector company cannot at any point engage in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect debt. The attorney is in violation of the **FDCPA**, as they do not have a license to collect a debt, they have no bond in place to be a debt collector and they are not registered in the States they are attempting to collect in. These legal documents must be placed on the court record to verify the defendant is a legal debt collector.

Plaintiff's claims are brought forward Under Common Law:

## IX. Elements for Common Law:

9.1 Controversy (The listed defendants)

9.2 Specific Claim (wrongful foreclosure)

9.3 Specific Remedy Sought by Claimant (5.5 million dollars)

9.4 Claim Must be Sworn To (Affidavit of Verification attached), and I will verify in open court that all herein is true.

## X. Elements of A FDCPA Claim:

2021 FEB 26  P 2: 13

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

10.1 A plaintiff who brings a suit under the FDCPA must prove the following elements in order to successfully make out his/her claim:

(1) That plaintiff is a "consumer" as defined by 15 U.S.C. § 1692 a (3);

(2) That the debt arises out of a transaction entered into for personal purposes.

(3) That the defendant is a "debt collector" as defined by 15 U.S.C. § 1692a (6); and

(4) That the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692 a-1692.

10.2 The plaintiff is a consumer as shown by the alleged mortgage loan and unlawful non judicial foreclosure filed in State Court against the plaintiff's property.

10.3 The alleged loan was to secure personal housing for the plaintiff and his family. The defendant is a debt collector as noted in their emails and phone communications as well as the business description.

10.4 The defendant violated provisions defined in 15 U.S.C. 1692e false or misleading representations and  in the course of collecting a debt.

10.5 The FDCPA mandates debt collectors can't use false, deceptive, or misleading practices.

## XI. Parties:

11.1 Plaintiff is a resident in Chesterfield, Virginia

11.2 ABBIE MONIHAN (BAR CARD #79686) AND ATTORNEYS TO BE NAMED,

11.3 GLEN A. MESSINA,DBA PRESIDENT AND CHIEF EXECUTIVE OFFICER OF  PHH MORTGAGE CORPORATION

11.5 The Foreclosure Service is believed to be a law firm corporation MCCABE, WEISBERG, & CONWAY LLC principal office is in Philadelphia Pennsylvania but is operating in VIRGINIA WITH attorney MICHAEL CONTRELL (LICENCE BAR CARD #79686) FOR



VIRGINIA AUCTION SALES ON THE WEBSITE: http://mwc-law.com/offices and is in the business of conducting non-judicial foreclosures in PENNSYLVANIA, NEW JERSEY, MARYLAND, VIRGINIA, NEW YORK, DISTRICT OF COLUMBIA, DELAWARE, AND FLORIDA AND WHOSE PRINCIPAL ADDRESS IS 123 S BROAD STREET SUITE 1400, PHILADELPHIA, PA 19109 AS EVIDENCED ON VIRGINIA'S STATE CORPORATION COMMISSION CLERK'S INFORMATION SYSTEM AND WEBSITE HTTP:MWC-LAW.COM

**XII.** The Truth in Lending Act, Regulation Z, 12 CFR §226.23:

12.1 The original debt was zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange. The failure to disclose the true nature of the exchange is clearly misrepresentation, fraud, harassment, unfair means, and deception to collect debt.

**XIII. Breach of Contract:**

13.1 On or about October 10, 2006, the plaintiff purchased a home and obtained a mortgage loan from NEW CENTURY MORTGAGE CORPORATION in the approximate amount $151,000.00.

13.2 The plaintiff was never provided a loan; the original debt was actually zero because the plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange.

13.3 The alleged loan was created with plaintiff's signature because all commercial instruments such as promissory notes, credit agreements, bills of exchange and checks are defined as legal tender, or money, by the statutes such as 12 USC 1813(l)(1), UCC §1-201(24), §3-104, §8-102(9), §§9-102(9), (11), (12)(B), (49), (64).

13.4 These statutes define a promissory note or security to be negotiable (sellable) because it is a financial asset. This is necessary because contracts requiring lawful money are illegal pursuant to Title 31 USC §5118(d) (2). All debts today are discharged by promises to pay in the future.

13.5 Federal Reserve notes are registered securities and promises to pay in the future. They are secured by liens on promissory notes of collateral owned by real people.

13.5 The statutes do not provide the Federal Reserve Corporation a monopoly on promissory notes, as debt collectors insist.



13.6 Plaintiff's signature created the promissory note in dispute, and it was sold to the Federal Reserve in exchange for plaintiff's signed note.

13.7 Plaintiff's promissory note never became a registered security, and a financial asset that can be negotiated because, for commercial instruments to be legal tender, they must be secured by a maritime lien on a prepaid trust account recorded at the county and registered on a UCC-1. It then becomes a registered security and a financial asset that can be negotiated.

13.8 The defendant further complicated the fraudulent process by selling their payables to another entity to remove it from their balance sheet.

13.9 **This is called securitization or off-balance sheet financing.** No loan was provided to the plaintiff, and the defendants failed to file evidence on the record to prove a contract existed.

13.10 The original contract and an accounting of the loan entries was never filed in the wrongful foreclosure case that was filed against the plaintiff's property.

13.11 The Attorney who signed the "Notice of Default" document to execute the power of sale clause did not have standing, and therefore notice of default has a fatal flaw, and the foreclosure judgment must be vacated and this claim granted for the full amount demanded.

### IXV. Scheme to Defraud:

14.1 The contract should be rescinded because the defendant did not provide full disclosure, the contract is extremely deceptive and unconscionable, In re Pearl Maxwell, 281 B.R. 101

14.2 The Truth in Lending Act, Regulation Z, 12 CFR §226.23, states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures. The original debt was zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange.

14.3 Promissory Notes and other commercial instruments are legal tender and financial assets to the originator and a liability to the lender. If a security interest in the note is perfected, by recording it on a lien as a registered security, the maker or originator becomes an entitlement holder in the asset.

2021 FEB 26  P 2:13

CLE 'US DISTRICT COURT
 RICHMOND, VIRGINIA

14.4 But the defendants do not understand that they have this liability because most people are unaware of it.

a.        UCC §1-201(24), §3-104, §3-306, §3-105,

b.        UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511

c.        UCC §§9-102(9), (11), (12)(B), (49), (64)

d.        12 USC 1813(l)(1)

14.5 The defendant's records will show the defendants have an offsetting liability to the plaintiff pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR).

14.6 These records include:

a. FR 2046 balance sheet,

b. 1099-OID report,

c. S-3/A registration statement,

d. 424-B5 prospectus and

e. RC-S & RC-B Call Schedules

14.7 The defendants never registered the plaintiff's signed promissory note (commercial instrument), because they know it is showing as a financial asset on their books.

14.8 The defendants did not register the promissory note to establish a security interest in the financial asset to take the position of a secured creditor.

14.9 The promissory note is not listed on a maritime lien against the prepaid trust account and filed with the county recorder and put on a UCC-1.

a. §8-102(13), §9-203; §9-505, §9-312

b. 46 USC §§31321, 31343, 46 CFR 67.250, §9-102(52), §9-317, §9-322

14.10 Plaintiff demands the original foreclosure claim to be set off for recoupment, and to have the assets cancel out the liabilities according to:

a. FAS 140, §3-305, §3-601, §8-105, §9-404

14.11 It is a violation of both State and Federal law for a bank to sell an unregistered note that is a security. That violation provides a right to rescission of the contract pursuant to Statutes.

### XV. The Alleged Loan:

15.1 The exact monthly payments of the alleged mortgage loan varied according to property taxes and other fees paid but a typical interest only monthly payment was $766.72 including reserves for the payment of taxes and insurance.

15.2 Beginning in DECEMBER, 2006 and continuing until late 2021 the plaintiff made timely payments to NEW CENTURY MORTGAGE CORPORATION(ORIGINAL MORTGAGOR) AND THEN PHH MORTGAGE CORPORATION BECAME ILLEGAL ASSIGNOR (3RD PARTY DEBT SERVICER)

15.3 In November 2021  claimed the plaintiff was behind on payments and hired Foreclosure attorneys MCCABE, WEISBERG, & CONWAY LLC to commence foreclosure.

15.4 On JANUARY 26, 2021, a Notice of Default was issued and appears to have been signed by the attorney ABBY MONIHAN representing MCCABE, WEISBERG & CONWAY LLC for the Foreclosure Services scheduling a non-judicial foreclosure auction for MARCH 3, 2021, AT 3:00 PM was transmitted to the plaintiff.

15.5. GLEN A. MESSINA,  PHH MORTGAGE CORPORATION  and/or the attorney operating the Foreclosure Services transmitted to various credit reporting agencies, including Equifax, false adverse information about the plaintiff, causing beneficiary credit to be impaired.

### XVI. Legal Prejudice:

16.1 Legal prejudice refers to a condition shown by a party that will defeat the action of an opposing party.

16.2 In other words, it is a fact or condition which may defeat the opposing party's case, if the same is established or shown by a party to litigation.

16.3 The plaintiff provides evidence in the notice of default document and the Deed of trust that will prove the power of sale was executed by an agent without standing, and this prejudiced the



plaintiff and therefore requests damages both compensatory and punitive as relief for the prejudice suffered.

## XVII. <u>Failure To Establish Agency:</u>

17.1 The people have rights; Corporations do not have rights. Among these "Rights" is the right to contract, the people have this right under 42 USC 1981.

17.2 The people exercise this right by their signature and/or Social Security Number.

17.3 **Corporations cannot sign and therefore cannot enter into any contract, with an attorney.**

17.4 The right to contract is reserved to the people. This is established by the age-old principle of "Agency". To establish an "Agency", the "Principal" must ask the "Agent" to perform a task.

17.5 The "Agent" must agree to perform the task. It is a time-tested principle of "American Jurisprudence" that the "Court" must not rely upon the "Agent" to prove "Agency".

17.6 The "Court" must follow the "Principal" to establish "Agency". The law is simple, no "Principal" no "Agency" to "Capacity to Sue". Case must be dismissed.

## XVII. <u>Federal Question- Violation Of The FDCPA, Sec. 1692,</u>

18.1 This is an action brought by a consumer and one of his is violations of the Fair Debt Collection Practices Act 1 (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]).

18.2 The plaintiff is a consumer allegedly obligated to pay the alleged consumer debt the defendants used as grounds for filing the wrongful Non- Judicial Foreclosure action against the plaintiff's property.

18.3 The transaction was primarily for family household purposes, so under the FDCPA's definition of a "debt", this consumer debt is covered under the FDCPA. Therefore, subject matter jurisdiction exists under 28 U.S.C. § 1331.

18.4 The defendant, and the named corporation are debt collectors as defined in Title 15 of the United States Code, section 1692a(6) of the Act.

### IXX. The Defendant Is A Debt Collector:

19.1 The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19.2 This definition includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. In this dispute the debt collector used false, deceptive, and harassing debt collection tactics against the plaintiff.

19.3 The debt collection agent is not licensed by the State to be a legal debt collector, the agent's law firm is also not licensed by the State they are collecting in, or any other State to be a legal debt collector as mandated in the FDCPA.

19.4 The agent or the law firm had no bond to be a debt collector and therefore is in violation of the FDCPA.

19.5 The court rules mandate attorneys have to have a license to practice law, and the debt collector must be working under an attorney with a license to practice law.

19.6 Lawyers and attorneys are **NOT licensed** to practice law, the nature of lawyer- craft in America as per the United States Supreme Court; The practice of Law CAN NOT be licensed by any state/State. (Schware v. Board of Examiners, 353 U.S. 238, 239).

2021 FEB 26   P 2: 14

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

19.7 The practice of Law is AN OCCUPATION OF COMMON RIGHT! (Sims v. Aherns, 271 S.W. 720 (1925).

19.8 The debt collector in this case lied and used deceptive means to attempt to collect a debt.

19.9 The debt collector in this case does not have a license to collect, a bond nor is the debt collector registered with the Attorney General for my State.

19.10 The debt collector's law firm is also mandated by the FDCPA to have a license to collect debts, a bond, and must be registered with the Attorney General for the State in which they are collecting.

19.11 When the debt collectors fail to obtain the legal credentials to collect debts they are before the court without standing and their documents must be stricken from the record.

19.12 The plaintiff is a consumer as shown by the alleged mortgage loan and unlawful non judicial foreclosure filed in State Court against the plaintiff's property.

19.13 The alleged loan was to secure personal housing for the plaintiff and his family. The defendant is a debt collector as noted in their emails and phone communications as well as the business description.

19.14 The defendant violated provisions defined in 15 U.S.C. 1692e. False or misleading representations while collecting a debt.

19.15 The FDCPA mandates debt collectors cannot use false, deceptive, or misleading practices.

**XX. Recourse:**

20.1 The Recourse appears in the Uniform Commercial Code at 1-103.6, which says: The Code is complementary to the Common Law, which remains in force, except where displaced by the



code. A statute should be construed in harmony with the Common Law unless there is a clear legislative intent to abrogate the Common Law.

### XXI. Elements for Breach of Contract:

21.1 There is a contract that was breached.

21.2 The breach is material.

21.3 The breach leads to direct and/or consequential damages.

21.4 The breach occurred within the last four years.

### 1st Claim- Wrongful Foreclosure:

The foreclosing party did not have standing to execute the power of sale clause in the deed of trust, and therefore the non- judicial foreclosure is void.

### 2nd Claim- Violation of the FDCPA:

The defendant violated one or more of the provisions contained in 15 U.S.C. §§ 1692 a-1692g.

### 3rd Claim- Violation of The Truth In Lending Act:

The Truth in Lending Act, Regulation Z, 12 CFR §226.23

### 4th Claim- Breach of Contract:

The defendant is in breach of contract, as the original debt was zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange.

### 5th Claim Violation of Federal Trust and Lien Laws:

The defendant violated Federal Trust and Lien Laws when he/she signed on behalf of the trustee without legal authorization.

### 6th Claim- Slander of Title:

The defendants have caused various documents including a Notice of Trustee Sale which has impaired the plaintiff's title which constitutes slander of title.

### 7th Claim- Slander of Credit

The plaintiff alleges that the actions and inactions of the defendants have impaired their credit.



### 9th Claim- Infliction of Emotional Distress:

The defendants have intentionally or negligently taken actions which have caused the plaintiffs severe emotional distress.

**Wherefore,** having set forth various causes of action against the defendants, the plaintiffs pray for the following relief:

1. This Court Vacate the foreclosure sale process that is scheduled for MARCH 3, 2021. based on the attorney's fraudulent misconduct mentioned in the claim, and grant damages.

2. The actions of defendants are determined unfair and deceptive business practices in violation of Federal Laws, and Federal Security statutes.

3. To have the alleged debt discharged.

4. To be awarded compensatory and punitive damages provided for in the amount of 6.5 million dollars including costs and legal expenses.

5. That the Plaintiff be awarded consequential damages to be fully proved at the time of trial.

7. That the Court grants any other relief that may be just or equitable.

8. The defendants contact the credit reporting agencies and correct the false information that was reported to them.

_Dion Robinson_ ___02/26/2021

DION ROBINSON

18
Wrongful Foreclosure



## CERTIFICATE OF SERVICE

I hereby certify that on the _____th day of _____, 02/ /2021, the foregoing document was

filed in Court, and a copy was mailed out to Plaintiff's attorney on record.

_Dion Robinson_  02/26/2021   02/26/2021

       **DION ROBINSON**

Without Prejudice UCC 1-308

Mailed to the following:

CORPORATION SERVICE COMPANY         Bureau of Consumer protection

101 SHOCKOE SLIP FL2              Federal Trade Commission

RICHMOND VA 23219             600 Pennsylvania Ave., NW. Washington

County/City of _Chesterfield_
Commonwealth/State of _Virginia_
I certify this to be a complete, full, true and
exact reproduction of the original document
Certified this _26_ day of _Feb. 21_
_Joseph Harris_
Notary Public
My Commission Expires: _2/28/23_

JOSEPH HARRIS
NOTARY PUBLIC
REGISTRATION # 7855692
COMMONWEALTH OF VIRGINIA
COMMISSION EXPIRES: 2/28/2023



The complaint for wrongful foreclosure was hand delivered by first class mail on the 26th of February 2021 to each of the following individually:

MONIY/HAN
1. ABBY MONIHAN, ESQUIRE (BAR CARD#79686)
2. MCCABE, WEISBERG & CONWAY LLC (LAWFIRM CONDUCTING AUCTION ON 03/02/2021 AT 3PM
3. GLEN A MESSINA DBA PRESIDENT AND CEO OF PHH MORTGAGE CORPORATION (ATTORNEY IN FACT)

Please address the official summons papers for following corporations and individuals:

1. **ABBY MONIHAN, ESQUIRE (BAR CARD#79686)**
   312 MARSHALL AVE STE 800 #800 LAUREL MD 20707-4818

2. **MCCABE, WEISBERG & CONWAY LLC** (ATTORNEY LAWFIRM CONDUCTING
   AUCTION SALE ON 3/2/2021 AT 3P.M.
   REGISTERED AGENT:CORPORATION SERVICE COMPANY 101 SHOCKOE SLIP
   FL2,    RICHMOND VA 23219-4100

3. **GLEN A. MESSINA DBA PRESIDENT AND CEO OF PHH MORTGAGE
   CORPORATION**
   REGISTERED AGENT: CORPORATION SERVICE COMPANY, 101 SHOCKOE SLIP
   FL2, RICHMOND VA 23219-4100

**Please send the official certified summons documents to the following address:**

**6105 HOLYOAKE DRIVE TRUST**
**6105 HOLYOAKE DRIVE**
**CHESTERFIELD, VA 23224**