IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DION ROBINSON
    Plaintiff,

v.                                                       Civil Action No. 3:21cv122

ABBY MOYNIHAN, et al.,
    Defendants.

## OPINION

Pro se plaintiff Dion Robinson sues Abby Moynihan and McCabe, Weisberg & Conway LLC (the "McCabe Defendants"), and Glen A. Messina and the PHH Mortgage Corporation (the "PHH Defendants")[1] asserting various claims arising out of Robinson's mortgage default and subsequent receipt of a Notice of Foreclosure. The McCabe Defendants and the PHH Defendants both move to dismiss Robinson's claims against them. For the reasons set forth below, the Court will grant the defendants' motions and dismiss all claims against them.

## I. FACTS ALLEGED IN THE COMPLAINT

Robinson, a resident of Chesterfield County, Virginia, purchased a home located at 6105 Holyoake Drive, North Chesterfield, Virginia, in 2006. Robinson financed that transaction with a mortgage from New Century Mortgage Corporation. (ECF No. 11-1.)[2] Mortgage Electronic Registration Systems, Inc. ("MERS") was the original beneficiary of the loan. (*Id.*) MERS

---

[1] The Court refers to the McCabe Defendants and the PHH Defendants collectively as the defendants.

[2] The Court may take judicial notice of documents outside the complaint that are matters of public record, including recorded transactions, when considering motions to dismiss. *See, e.g., Pickens v. JP Morgan Chase Bank, N.A.*, No. 5:14cv166, 2016 U.S. Dist. LEXIS 62911 (W.D.N.C. May 12, 2016).

assigned the loan to Deutsche Bank National Trust Company ("Deutsche Bank"). (ECF No. 11-2.) PHH services the mortgage for Deutsche Bank. (ECF No. 11 at 2.)[3]

Beginning in December 2006, Robinson made interest-only monthly payments of $766.72, including taxes and insurance. (ECF No. 1, at 13.) Robinson paid on time through November 2021, but an unnamed party claimed Robinson had not made timely payments and hired the McCabe Defendants to begin the foreclosure process. (*Id.*)

After receiving a Notice of Foreclosure, Robinson sent several "cease and desist" notifications to Altisource Fulfillment Operations in February 2021. (ECF No. 1-1.)

## II. LEGAL STANDARDS

### *A. Pro Se Litigants*

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." When a plaintiff appears pro se, as Robinson does here, courts do not expect the pro se plaintiff to frame legal issues with the clarity and precision expected from attorneys. Accordingly, courts construe pro se complaints generously. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

But this principle of liberal construction has its limits. Appearing pro se does not relieve the plaintiff of the obligation to comply with the Federal Rules of Civil Procedure. Courts need not discern the unexpressed intent of the plaintiff or take on the "improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* Courts do not

---

[3] Robinson's complaint does not describe PHH's role. But, as previously stated, the Court may take judicial notice of matters of public record when considering motions to dismiss. *See Sec'y of State for Defence v. Trimble*, 484 F.3d 700, 705 (4th Cir. 2005). Here, the Virginia State Corporation Commission's website indicates that PHH is a mortgage servicing company. *PHH Mortgage Corporation*, State Corporation Commission Clerk's Information System (June 7, 2021, 2:21PM), https://cis.scc.virginia.gov/EntitySearch/BusinessInformation?businessId=16165&source=FromEntityResult&isSeries=False.

2

have to "discern [the plaintiff's] unexpressed intent," "construct a plaintiff's legal arguments," or "conjure up and decide issues never fairly presented" in the complaint. *Norman v. Wells Fargo Bank, N.A.*, No. 3:17cv585, 2018 U.S. Dist. LEXIS 29818, *4 (E.D. Va. 2018). Unintelligible complaints that contain nonspecific allegations do not comply with Rule 8. *See, e.g., Lonesome v. Lebedeff*, 141 F.R.D. 397, 398 (E.D.N.Y. 1992). Neither do pleadings consisting only of labels and conclusions or formulaic recitations of a cause of action's elements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Rule 12(b)(6)

The defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion gauges a complaint's sufficiency without resolving any questions about the facts or testing the claims' merits. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When considering the motion, the court must accept all allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). The principle that the court must accept all allegations as true, however, does not apply to conclusory statements and legal conclusions. *See Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a facially plausible claim to relief. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### *C. Rule 12(b)(1)*

The PHH Defendants have also moved to dismiss under Rule 12(b)(1). A 12(b)(1) motion challenges the court's jurisdiction over the complaint's subject matter. A defendant who moves for dismissal for lack of subject matter jurisdiction may attack the complaint on its face, asserting that the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *White v. CMA Constr. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). When considering a 12(b)(1) motion, the court affords the allegations in the plaintiff's complaint the same procedural protection as it does when it considers a 12(b)(6) motion. *Id.* Defendants can also challenge a plaintiff's standing under Rule 12(b)(1). *Taubman Realty Grp. Ltd. P'ship v. Mineta*, 320 F.3d 475, 481 (4th Cir. 2003). The plaintiff has the burden of proving the existence of subject matter jurisdiction and standing. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

### III. DISCUSSION

Robinson's complaint explicitly raises eight counts: wrongful foreclosure, violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Truth in Lending Act ("TILA"), breach of contract, "Violation of Federal Trust and Lien Laws," slander of title, slander of credit, and intentional infliction of emotional distress. Robinson also appears to allege fraud, although not as a numbered count or paragraph as required under Federal Rule of Civil Procedure 10(b). The complaint is unclear as to which counts Robinson alleges against each defendant. Thus, the Court assumes he brings all claims against all defendants.

Robinson also pleads numerous unintelligible theories of recovery. (*See, e.g.*, ECF No. 1, at 10 ("The plaintiff was never provided a loan; the original debt was actually zero because the plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange.").)

4

This sort of "shotgun pleading" violates Rule 8 because it presents claims "in such a conclusory form that it is virtually impossible to ascertain what claims are asserted against which defendants and on what legal basis the respective claims are founded." *Turton v. Va. Dep't of Educ.*, No. 3:14cv446, 2014 U.S. Dist. LEXIS 189857, at *8 (E.D. Va. Sep. 23, 2014). The Court could dismiss Robinson's complaint for this reason alone. *Id.* (dismissing a shotgun complaint because it violated Rule 8(a)). Nonetheless, the Court analyzes each count below.

### A. Standing

The McCabe Defendants assert that Robinson lacks standing to pursue these claims because of his bankruptcy discharge. (ECF No. 13, at 5.) Because Robinson did not disclose any potential lawsuit to challenge the debt in the schedules submitted as part of his bankruptcy, and because potential causes of action the debtor should know about during the bankruptcy's pendency are property of the bankruptcy estate, the McCabe Defendants believe the Court should dismiss Robinson's lawsuit. *Id.*

A debtor creates an estate by filing a bankruptcy petition. 11 U.S.C. § 541(a). All the debtor's legal and equitable interests become part of the bankruptcy estate's property. *Id.* The estate's property includes all causes of action owned by the estate when the debtor filed his bankruptcy petition. *In Re Rivera*, No. 13-1280, 2014 Bankr. LEXIS 344, at *7 (Bankr. E.D. Va. Jan. 27, 2014).

Chapter 13 debtors, unlike Chapter 7 debtors, retain both possession of the bankruptcy estate and standing to sue in their own name on the estate's behalf. *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 343 (4th Cir. 2013). A Chapter 13 debtor "is explicitly given the power to possess and use the property, and explicit within that use is the permissible maintenance of a cause of

action that is part of the estate," such that "the Chapter 13 debtor has standing to maintain a pre-petition claim." *Id.* at 344.

As a Chapter 13 debtor, Robinson has standing to maintain a non-bankruptcy cause of action on his estate's behalf. Accordingly, the Court will not dismiss his claims for lack of standing.

### B. Res Judicata

The McCabe Defendants assert that res judicata bars Robinson from alleging the invalidity of debt secured by the subject property because Robinson's Chapter 13 bankruptcy plan confirmed the mortgage's existence and validity,[4] and because the Bankruptcy Court issued a Final Order confirming the plan that is binding as to the validity of the debt.[5] The Court agrees. *See In re: Varat Enters., Inc.,* 81 F.3d 1310, 1315 (4th Cir. 1996) ("A bankruptcy court's order of confirmation is treated as a final judgment with *res judicata* effect."). Robinson cannot assert claims regarding the validity of the original mortgage due to his 2015 bankruptcy discharge. But because Robinson's complaint makes it difficult to discern which counts concern the validity of the original loan, the Court still must examine each count.

### C. Count I: Wrongful Foreclosure

Robinson's wrongful foreclosure claim fails for several reasons. First, and most importantly, Virginia does not recognize a separate cause of action for wrongful foreclosure. *Johnson v. Countrywide Home Loans, Inc.*, No. 2:15cv513, 2016 U.S. Dist. LEXIS 193308, at *5

---

[4] Chapter 13 Plan at 4, *In re: Dion N. Robinson*, No. 09-38506, (Bankr. E.D. Va. 2010), ECF No. 5 (identifying the mortgage loan under "Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence").

[5] Order Confirming Chapter 13 Plan at 1, *In re: Dion Robinson*, No. 09-38506, (Bankr. E.D. Va. 2010), ECF No. 13.

6

(E.D. Va. Jan. 25, 2016).[6] Moreover, even if Virginia recognized a wrongful foreclosure claim, the complaint does not sufficiently allege that any foreclosure occurred. *Id.* at \*6 (finding that the plaintiff had not stated a wrongful foreclosure claim in part because "the Complaint does not sufficiently allege that any foreclosure actually occurred").

Second, Robinson appears to base this section of the complaint on an internet form containing false information. Robinson makes several wrongful foreclosure arguments common to pro se plaintiffs, probably due to using a form pleading found online.[7] Like many online resources for pro se mortgage relief plaintiffs, the form contains inaccurate information. *See Mortgage Relief Scams*, Federal Trade Commission, https://www.consumer.ftc.gov/articles/0100-mortgage-relief-scams (last visited May 26, 2021).

Indeed, the form used by Robinson advances several sovereign citizen conspiracy theories, including that admiralty law illegally governs the United States, the illegitimate government creates artificial duplicates of human beings known as "strawmen," and using provisions of the Uniform Commercial Code in legal filings will prevent a litigant from making a contract with the illegitimate national government.[8] This false information about the American legal system renders much of this section's contents—including its frequent references to admiralty law—nonsensical.

---

[6] Virginia law applies because any wrongful foreclosure would have occurred in Virginia. Because the Court exercises supplemental jurisdiction over Robinson's state law law claims, it applies Virginia substantive law, which includes Virginia choice of law provisions. *E. W., LLC v. Rahman*, 873 F. Supp. 2d 721, 727 (E.D. Va. 2012). Virginia follows the rule of *lex loci delicti*, the law of the place of wrong, for torts actions, so Virginia law applies to this claim and all other tort claims Robinson alleges. *See Milton v. IIT Rsch. Inst.*, 138 F.3d 518, 521 (4th Cir. 1998).

[7] Much of the complaint's language appears to originate from the website "Understand Contract Law and You Win." Jean Keating, *Counterclaims to Debt Collection*, Understand Contract Law and You Win, http://understandcontractlawandyouwin.com/jean-keating/ (last visited May 26, 2021).

[8] *The Sovereign Citizen Movement: Common Identifiers and Examples*, Anti-Defamation League, https://www.adl.org/sites/default/files/documents/assets/pdf/combating-hate/Sovereign-

Other parts of this section of the complaint are simply false, not conspiratorial. For example, Robinson alleges that

> the legal Trustee is the person who has standing to execute the power of sale clause in the deed of trust. In this case there is no legal trustee because the promissory note and deed of trust were *never registered into the trust*, because the promissory note was bundled and sold during the securitization process.

(ECF No. 1, at 7-8.) This allegation focuses on the securitization process, in which an original lender assigns an asset to a vehicle like a trust. In fact, securitization does not relieve a borrower's obligation to pay his or her mortgage, nor does it prevent a lender from foreclosing on a property.[9] Moreover, an individual mortgagor has no standing to contest the validity of a securitization assignment, because he or she is not a party to nor a third-party beneficiary of the assignment agreement. *Suggs*, 230 F. Supp. 3d at 463.

Third, the complaint relies on a misunderstanding of Virginia law regarding property sales. Robinson argues that the promissory note and the deed of trust "must always be together" and that, without the original promissory note, "the attorney has failed to prove there was any debt," resulting in a "fatal flaw to the wrongful foreclosure." (ECF No. 1, at 8.) But the holder of a security deed may foreclose on a property without holding the original, physical promissory note with wet-ink signatures. *See Gallant v. Deutsche Bank Nat'l Trust Co.*, 766 F. Supp. 2d 714, 720-21 (W. D. Va. 2011). Indeed, Virginia Code § 55.1-321(B) specifies that:

---

Citizen-Documentary-Identifiers.pdf (last visited May 26, 2021). The complaint contains other telltale signs of sovereign citizen involvement, such as the use of the term "in propria persona" rather than "pro se" to differentiate the plaintiff from the government's corresponding strawmen and the invocation of UCC1-308 to prevent the plaintiff from entering a contract with the government. *Id.*

[9] *Suggs v. M&T Bank*, 230 F. Supp. 3d 458, 463 (E.D. Va. 2017) (finding that a plaintiff using the same fill-in-the-blank online form as Robinson had to pay her securitized mortgage); *Figueroa v. Deutsche Bank Nat'l Tr. Co.*, 1:13cv592, 2013 U.S. Dist. LEXIS 180404, at *6 (E.D. Va. 2010), *aff'd* 548 F. App'x 85 (4th Cir. 2013).

8

> If a note or other evidence of indebtedness secured by a deed of trust is lost or for any reason cannot be produced . . . the trustee may nonetheless proceed to sale, provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is unavailable and a request for sale will be made of the trustee upon expiration of 14 days from the date of mailing of the notice.

Finally, Robinson alleges that the defendants lacked standing to foreclose on the property. In Virginia, a non-judicial foreclosure state, a foreclosure may happen without a lawsuit. *Bey v. Michael*, No. 3:20cv931, 2021 U.S. Dist. LEXIS 43437, at *19 (E.D. Va. Mar. 8, 2021) ("Virginia, a non-judicial foreclosure state, does not require an interested party to prove standing in a court of law before initiating the foreclosure process."). Thus, this argument fails.

The remainder of Robinson's allegations relating to wrongful foreclosure make no sense and are basically identical to other complaints dismissed by district courts around the country.[10]

For these reasons, the Court will dismiss Robinson's wrongful foreclosure claim.

### D. Count II: FDCPA Violations

Robinson alleges generalized violations of the FDCPA, 15 U.S.C. §1692(e), which prohibits debt collectors from making false or misleading representations. (ECF No. 1, at 2.)

To establish an FDCPA violation, the plaintiff must show that (1) the debtor is a consumer as defined in §1692a(3), (2) the defendant is a debt collector as defined in §1692a(6), and (3) the defendant has committed some act or omission violating the statute. *Withers v. Eveland*, 988 F. Supp. 942, 945 (E.D. Va. 1997). When a plaintiff asserts nonspecific violations of the FDCPA

---

[10] *See, e.g., Moss v. Ashley Z. Stanley*, No. 8:20cv3194, 2020 U.S. Dist. LEXIS 192959, at *7 (D.S.C. Sept. 10, 2020); *Hill v. Southlaw Pc*, No. 8:19cv568, 2020 U.S. Dist. LEXIS 28637, at *9 (D. Neb. Feb. 20, 2020); *Lee v. Aldridge Pite*, No. 1:19cv5433, 2019 U.S. Dist. LEXIS 229599, at *13 (N.D. Ga. Dec. 16, 2019); *Glass v. Finley*, No. 3:19cv1216, 2020 U.S. Dist. LEXIS 26431, at *29 (W.D. La. Jan. 17, 2020); *Castro v. Pascual*, No. 20cv1090, 2020 U.S. Dist. LEXIS 26681, at *2 (N.D. Cal. Feb. 13, 2020).

with "zero details or concrete examples," he has not established a claim. *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1240 (10th Cir. 2013).

Here, Robinson's only clear allegations regarding the FDCPA violations relate to the alleged invalidity of the underlying mortgage. Because the bankruptcy court validated Robinson's mortgage in the preceding bankruptcy action, Robinson cannot deny its validity now. *See In re: Varat Enters.*, 81 F.3d at 1315.

In addition, mortgage loan lenders, mortgage loan servicers, and their employees are not "debt collectors" under the FDCPA. *See, e.g., Ruggia v. Wash. Mut.*, 719 F. Supp.2d 642, 647-48 (E.D. Va. 2010) ("[C]reditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." (cleaned up) (quoting *Scott v. Wells Fargo Home Mortg.*, 326 F. Supp.2d 709, 717 (E.D. Va. 2003), *aff'd*, 67 F. App'x 238 (4th Cir. 2003) (per curiam))). As a mortgage servicing company, PHH does not qualify as a debt collector under the FDCPA.

Because Robinson alleges no clear violations of the FDCPA, the Court will dismiss this count.

### *E. Count III: TILA Violations*

In Count III, Robinson alleges that the defendants violated the TILA by failing to provide the accurate material disclosures the statute requires. Congress passed the TILA in part to protect consumers from uninformed credit usage by mandating meaningful disclosure of credit terms. 15 U.S.C. § 1601(a). Under the TILA, creditors must "provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). Robinson cites

no authority, nor can the Court find any, that says lenders must disclose that they may securitize the mortgage. Nor does the complaint explain what disclosures defendants should have made.

In addition, Robinson does not specify what provision of the TILA the defendants allegedly violated.[11] The claim could fail for that reason alone. *See* Fed. R. Civ. P. 8(a)(2). Moreover, any violation would have occurred at the time of the original loan, around October 2006. Depending on which part of the TILA the defendants allegedly violated, the plaintiff must bring an action within either one or three years of the violation's occurrence. 15 U.S.C. § 1640(e). Because the alleged violation took place almost fifteen years ago, the deadline to file suit has long passed. Robinson, therefore, has not stated a TILA claim for which the Court can grant relief.

### F. Count IV: Breach of Contract

In Virginia, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *William H. Gordon Assocs., Inc. v. Heritage Fellowship, United Church of Christ*, 291 Va. 122, 142, 784 S.E.2d 265, 274 (2016).[12] The plaintiff has the burden of proving the defendant breached the contract. *Carley Cap. Grp. v. Newport News*, 709 F. Supp. 1387, 1396 (E.D. Va. 1989).

---

[11] Robinson makes several references to a right of rescission of the mortgage transaction. (ECF No. 1 at 3, 6, 11.) This possibly refers to the limited right of rescission in 12 C.F.R. § 226.3, which expressly does not apply to residential mortgage transactions. 12 C.F.R. § 226.3(f)(1); *Davis v. Wells Fargo Bank, N.A.*, No. 3:13cv586, 2014 U.S. Dist. LEXIS 2116, at *10 (E.D. Va. 2014). Because the complaint indicates that the transaction at issue involved a residential mortgage transaction, the right of rescission does not apply here.

[12] In Virginia, the law of the place of contracting governs the nature, validity, and interpretation of contracts. *See, e.g., Black v. Powers*, 48 Va. App. 113, 128, 628 S.E.2d 546, 554 (2006).

Despite the liberal construction afforded to pro se complaints, Robinson fails to state a breach of contract claim. From the facts alleged in the complaint, the Court cannot discern what contractual obligation Robinson alleges the defendants have breached, which defendants have breached the contract, and what conduct gave rise to the breach. It seems that the claim may arise from a January 21, 2021 notice from the McCabe Defendants advising Robinson that his home was scheduled for a foreclosure sale. (ECF No. 1, at 11.) But Robinson does not allege facts that show how this breached a legally enforceable obligation that the McCabe Defendants owed him. The Court cannot construct Robinson's arguments for him. For these reasons, the Court will dismiss Robinson's breach of contract claim.

### G. Count V: Violation of Federal Trust and Lien Laws

The complaint briefly alleges that the defendants violated federal trust and lien laws, but it does not reference a statutory basis for this claim. (ECF No. 1, at 17.) Robinson claims that one of the defendants "violated Federal Trust and Lien Laws when he/she signed on behalf of the trustee without legal authorization." (*Id.*) It is unclear what this allegation means or what document or defendant to which it refers. This claim's vagueness violates Rule 8. Accordingly, the Court will dismiss the claim.

### H. Count VI: Slander of Title

Robinson alleges that, through the publication of unspecified documents, the defendants slandered his home's title.[13]

A slander of title claim requires the untruthful disparagement of a plaintiff's property, such as recording a false or fraudulent assignment. *Lomah Elec. Targetry, Inc. v. ATA Training Aids Austl. Party Ltd.*, 828 F.2d 1021, 1023 (4th Cir. 1987). To prevail on a slander of title action, the

---

[13] The Court assumes that Robinson meant to refer to the Notice of Foreclosure.

12

plaintiff must prove "(1) that the defendant maliciously published false words, (2) that the false words disparaged [the] plaintiff's property, and (3) that the publication caused [the] plaintiff to suffer special damages." *Levine v. McLeskey*, 881 F. Supp. 1030, 1050 (E.D. Va. 1995), *aff'd in part and vacated in part*, 164 F.3d 210 (4th Cir. 1998). To prove malice in Virginia, a plaintiff must show that the defendant made a statement either with "some sinister or corrupt motive such as hatred, revenge, personal spite, ill will, or desire to injure the plaintiff" or with "gross indifference and recklessness" showing a "wanton or willful disregard of the rights of the plaintiff." *Preston v. Land*, 220 Va. 118, 120-121, 255 S.E.2d 509, 511 (1979) (cleaned up).

Robinson has failed to state a claim for slander of title. The complaint does not allege that the defendants published any false statements. Nor does it allege that the defendants issued the Notice of Foreclosure because of ill will, spite, a desire to injure Robinson, or in wanton or willful disregard of Robinson's rights. The Court, therefore, will dismiss Robinson's slander of title claim.

### *I. Count VII: Slander of Credit*

Virginia does not recognize a cause of action for slander of credit. *Norman*, 2018 U.S. Dist. LEXIS 29818, at *13. Thus, the Court will dismiss Robinson's claim for slander of credit.

### *J. Count VIII: Intentional Infliction of Emotional Distress*

To state a claim for intentional infliction of emotional distress in Virginia, the plaintiff must show that the defendant intentionally or recklessly engaged in conduct that caused severe emotional distress. *Almy v. Grisham*, 273 Va. 68, 77, 639 S.E.2d 182, 186 (2007). The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Russo v. White*, 241 Va. 23, 27, 400 S.E.2d 160, 162 (1991).

13

Overwhelmingly, courts have held that home foreclosures do not provide a basis for a viable intentional infliction of emotional distress claim. *See, e.g., Webb v. EquiFirst Corp.*, No. 7:15cv413, 2016 U.S. Dist. LEXIS 43051, at *10 (W.D. Va. 2016) ("While undergoing foreclosure on one's residence is understandably upsetting, foreclosure is a legal remedy available to the lender under law and under the terms of the documents the [borrower] signed.").

Robinson does not state any facts to support that he suffered severe emotional distress. He also fails to establish a causal connection between the defendants' actions and any resulting emotional distress. Moreover, he does not allege that the defendants acted outrageously by pursuing a legal remedy available to them. The Court, therefore, will dismiss this claim.

### L. Fraud Allegation

To establish a claim of fraud in Virginia, the plaintiff must show that the defendant intentionally and knowingly made a false representation of a material fact with the intent to mislead the plaintiff, and that the plaintiff's reliance on the false representation resulted in damages. *Bryant v. Peckinpaugh*, 241 Va. 172, 175, 400 S.E.2d 201, 203 (1991). Federal Rule of Civil Procedure 9(b) requires a plaintiff to plead acts of fraud with particularity. Particularity includes the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

Robinson fails to state a fraud claim for several reasons. First, Robinson refers to fraud in several places in the complaint, but he makes no specific allegations to support any fraud claim.[14] Thus, he does not approach compliance with the heightened pleading requirements for fraud allegations. *See* Fed. R. Civ. P. 9(b). Second, any failure to inform Robinson that some entity

---

[14] Indeed, the Court cannot discern if he even means to assert a fraud claim.

14

might securitize his mortgage is immaterial, because securitization of a mortgage has no bearing on the terms and obligations of the underlying mortgage. Third, Robinson does not identify what statements he considers fraudulent. Accordingly, the Court will dismiss all fraud claims that Robinson may have asserted.

## IV. CONCLUSION

For the reasons stated herein, the Court will grant the defendants' motions to dismiss.

The Court will issue an appropriate Order.

Should the plaintiff wish to appeal this Opinion, he must file a written notice of appeal with the Clerk of Court within thirty (30) days of the date of entry. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

Let the Clerk send a copy of this Opinion to all counsel of record and the pro se plaintiff.

Date: 8 June 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge